```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

TRACY GERARD ALLEN, AIS # 129732;

     Plaintiff,                    :

vs.                            :   CIVIL ACTION 08-0255-CG-M

ISAAC MOODY, *et al.*,       :

     Defendants.               :

<u>REPORT AND RECOMMENDATION</u>

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. It is the undersigned's recommendation that Plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. §

1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff previously had more than three actions that were dismissed as frivolous.[1]

---

[1] The following actions of Plaintiff were dismissed as frivolous: *Allen v. Jones, et al.,* CA 90-0059-T-S (S.D. Ala. Mar. 31, 1992); *Allen v. Edwards, et al.,* CA 90-0076-BH-C (S.D. Ala. Sept. 11, 1991); *Allen v. Carver, et al.,* CA 90-0214-CB-S (S.D. Ala. Sept. 20, 1991); *Allen v. White, et al.,* CA 90-0561 (N.D. Ala. June 28, 1990); *Allen v. Patterson,* CA 90-0562 (N.D. Ala. June 26, 1990); *Allen v. State of Alabama,* CA 90-1100 (N.D. Ala. Aug. 21, 1990); *Allen v. Hunt, et al.,* CA 90-1101 (N.D. Ala. Aug. 21, 1990); *Allen v. Norman,* CA 91-0153 (N.D. Ala. May 29, 1991); *Allen v. Allen, et al.,* CA 91-1705 (N.D. Ala. Nov. 26, 1991); *Allen v. Hunt, et al.,* CA 91-1708 (N.D. Ala. Nov. 27, 1991); *Allen v. White, et al.,* CA 91-1935 (N.D. Ala. Feb. 3, 1992); *Allen v. Thigpen, et al.,* CA 91-2021 (N.D. Ala. Jan. 30, 1992); *Allen v. Battles, et al.,* CA 91-2476 (N.D. Ala. Apr. 17, 1992); *Allen v. Thigpen,* CA 92-1623 (N.D. Ala. Nov. 29, 1993); *Allen v. Chaplain,* CA 93-119 (N.D. Ala. Sept. 13, 1993); *Allen v. Nagle,* CA 93-897 (N.D. Ala. Sept. 1, 1993); *Allen v. Blankenship,* CA 93-1193 (N.D. Ala. Sept. 15, 1993); *Allen v. Martin*, CA 93-1801 (N.D. Ala. Mar. 2, 1994); *Allen v. Burton, et al.,* CA 93-1808 (N.D. Ala. Mar. 2, 1994); *Allen v. USPS,* CA 93-1834 (N.D. Ala. Mar. 2, 1994); *Allen v. Tucker,* CA 93-1929 (N.D. Ala. Dec. 28, 1993); *Allen v. Champale,* CA 93-1931 (N.D. Ala. Dec. 27, 1993); *Allen v. USPS,* CA 93-1932 (N.D. Ala. Dec. 28, 1993); *Allen v. Folsom, et al.,* CA 93-2229 (N.D. Ala. Apr. 1, 1994); *Allen v. State of Alabama*, CA 93-2272 (N.D. Ala. Apr. 4, 1994); *Allen v. Nagle,* CA 93-2350 (N.D. Ala. Mar. 31, 1994); *Allen v. Nagle, et al.,* CA 93-2399 (N.D. Ala. Apr. 1, 1994); *Allen v. DeLoach, et al.,* CA 93-T-1052-N (M.D. Ala. Oct. 6, 1993); *Allen v. Harrelson, et al.,* CA 93-H-1114-N (M.D. Ala. Oct. 22, 1993); *Allen v. Folsom, et al.,* CA 94-A-0288-N (M.D. Ala. Apr. 7, 1994); *Allen v. Dr. Thomas, et al.,* CA 94-0469-AH-S (S.D. Ala. Sept. 16, 1994); *Allen v. Jones, et al.,* CA 94-0572-CB-S (S.D. Ala. Nov. 7, 1994); *Allen v. Jones, et al.,* CA 94-0638-AH-S (S.D. Ala. Sept. 27, 1994); *Allen v. Folsom, et al.,* CA 94-A-0684-N (M.D. Ala. June 28, 1994); *Allen v. Folsom, et al.,* CA 94-A-0691-N (M.D. Ala. June 28, 1994); *Allen v. Allen, et al.,* CA 94-0987-RV-S (S.D. Ala. Jan. 31, 1995); *Allen v. Harrelson, et al.,* CA 94-D-1524-N (M.D. Ala. Dec. 27, 1994); and *Allen v. Naile, et al.,* CA 96-T-0446-N (M.D. Ala. Apr. 17, 1996).

Furthermore, in the present action, Plaintiff's Complaint (Doc. 1) does not indicate at the time of filing that Plaintiff was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). Plaintiff's present action was filed on May 13, 2008. (Doc. 1). Plaintiff provides two dates for when the incident occurred: January 23, 1986 (*id.* at 3) and April 13, with no year being specified (*id.*). Neither of these dates for the incident are near the date of filing.

The incident about which he complains is being stabbed by inmate Steve Parker. Inmate Parker was taken from his cell, in handcuffs, to take a shower. After inmate Parker was taken from his cell, Defendant Officer Moody then placed handcuffs on Plaintiff, with Plaintiff's hands being behind his back. When Plaintiff left his cell, he yelled "Al Capone," his nickname. Plaintiff approached the shower and, inmate Parker, instead of being secured in a shower, came from behind a brick wall wearing no handcuffs and waving an eight-inch ice pick. After inmate Parker stabbed Plaintiff fourteen times, Defendant Terry Montgomery sprayed mace and "beat [Parker] down" while Plaintiff walked to the infirmary. (*Id.* at 4). Defendant Moody did not have a baton. (*Id.*).

3

In the attached Motion to Compel (Doc. 3), Plaintiff states that he still has to go to the shower with his hands behind his back in handcuffs and the guards still do not carry batons.  No indication, however, is given that an inmate still wants to injure Plaintiff or that similar circumstances would occur.  At this time, based on Plaintiff's allegations, the assault appears as an isolated incident.

When Plaintiff filed the Complaint on or about May 13, 2008 (Doc. 1), there was no indication in his Complaint or Motion to Compel (Doc. 3) that at that time he was or would be subjected to a physical injury, much less one that was imminent or serious.  That is, the assault occurred at least one month prior to filing the Complaint, and there are no allegations about events that occurred after the assault or that may occur in the future.  Therefore, Plaintiff's Complaint does not satisfy § 1915(g)'s "imminent danger of serious physical injury" exception.

Because Plaintiff cannot avail himself of § 1915(g)'s exception and did not pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice.  *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.)

(holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 11th day of August, 2008.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE